893 F.2d 400
 282 U.S.App.D.C. 193
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ernest F. WRIGHT, Jr., Petitioner,
v.
DOVER ELEVATOR COMPANY, Liberty Mutual Insurance Company,
Director Office of Workers' Compensation Programs,
U.S. Department of Labor, Respondents.
 No. 88-1770.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 8, 1990.
 
 Before WALD, Chief Judge, and STEPHEN F. EDWARDS and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review of an order of the Benefits Review Board was considered on the record and the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the case be remanded to the administrative law judge ("ALJ") for explicit consideration of the relevant factors to be examined in determining wage-earning capacity as set forth in Randall v. Comfort Control, Inc., 725 F.2d 791, 797 (D.C.Cir.1984). An examination of these factors is required because the existence of Wright's "work-related medical disability" is undisputed and the evidence regarding his inability to "perform at his pre-injury level" is essentially uncontroverted. Id. at 799.
 
 
 3
 The ALJ did not discuss the sympathetic employer factor or the open market factor. Similarly, although the ALJ stated that Wright was not "shirking" his duties, the ALJ did not decide whether Wright's apparent inability to perform any of the "heavy work" concededly comprising a portion of his duties as an adjuster militates against regarding his actual wages as a fair indicia of his wage-earning capacity. Nor did the ALJ decide whether Wright's testimony that only by exercising daily is he able to work constituted proof of extraordinary effort on his part.
 
 
 4
 Although the ALJ was not required to make findings regarding the extent of Wright's disability at the present time, his future prognosis, and possible future loss of wage-earning capacity, the findings in this regard are supported by substantial evidence.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after any disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.